IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

**LANCE A. BRITTON,**                                Case No. 1:15-cv-02086-CL

                       Plaintiffs,

       v.

                                        **REPORT AND RECOMMENDATION**

**KLAMATH COUNTY, et al,**

                       Defendants.

_____

CLARKE, Magistrate Judge,

       Plaintiff Lance A. Britton brings claims against seven defendants under 42 U.S.C. § 1983

for violations of his civil rights. His original complaint was dismissed without prejudice to filing

an amended complaint. The case comes before the Court on a Motion to Dismiss (#18) filed by

defendants Jody Vaughan and Robert Patridge. For the reasons below, the motion should be

GRANTED. Plaintiff has not identified any allegations or potential allegations that either

defendant acted outside of his or her prosecutorial discretion as attorneys for the Klamath County

District Attorney's Office. Both defendants, therefore, have absolute immunity from suit, and

dismissal should be with prejudice.

## BACKGROUND

       Plaintiff's claims arise out of an incident that occurred when he pulled his car to the side

of the road near his home to talk to another man, who Plaintiff presumed to be a neighbor.

Page 1 – Report and Recommendation

Plaintiff alleges that the man waved him to the side of the road. When Plaintiff pulled over, he alleges that he could smell liquor on the man's breath and it "became obvious that he was under the influence of intoxicants." The two men exchanged a few words that quickly became heated, and, ultimately, Plaintiff claims, the other man pulled out his revolver and began firing at him, hitting the window and body of Plaintiff's truck, and injuring Plaintiff's hand and knee. Plaintiff's Amended Complaint then describes a complicated scenario by which Plaintiff manages to load his own firearm one-handed, pursue his attacker, and fire back at him.

Further, the complaint explains how Plaintiff proceeded to the hospital, and gave his report to the Klamath County Sheriff's Deputy Melvin Ray, but Plaintiff disputes many of the notes made in the deputy's report. He also disputes much of the evidence gathered and the investigatory steps taken and conclusions reached by law enforcement as they processed the scene and interviewed Plaintiff and the other man involved, Stephen Pearson.

Plaintiff's allegations concerning defendant Patridge, Klamath County District Attorney, and defendant Vaughan, then a deputy district attorney, arise out of Vaughan's decision to prosecute Plaintiff, and indict him on a charge for Assault in the First Degree, which Plaintiff claims means that Vaughan lied to or manipulated the grand jury. Plaintiff claims that Vaughan "breached [Plaintiff's] due process rights by not being aware of the entire file at her disposal." He claims that she did not listen to Pearson's recorded statement, and she did not even know that it existed until two months after Plaintiff was indicted.

Plaintiff also claims that he believes that his neighbor Frank Paulson's attorney Scott Carter "exerted undue influence on [Deputy] Kennedy and Vaughan since Carter was previously a Klamath County deputy prosecutor and is now a public defender." Plaintiff offers no specific allegation of misconduct, however.

Page 2 – Report and Recommendation

## DISCUSSION

A prosecutor is absolutely immune when acting as an advocate for the state by engaging

in conduct that is "intimately associated with the judicial phase of the criminal process." *Imbler*

*v. Pachtman*, 424 U.S. 409, 430-31 (1976); *see also Van de Kamp v. Goldstein*, 555 U.S. 335

(2009). This means that "acts undertaken by a prosecutor in preparing for the initiation of

judicial proceedings or for trial, and which occur in the course of his role as an advocate for the

State, are entitled to the protection of absolute immunity." *Buckley v. Fitzsimmons*, 509 U.S.

259, 273 (1993).

Prosecutors are not absolutely immune from liability for administrative actions or

investigative functions not closely related to either trial preparation or the trial process. *See, e.g.,*

*Hart v. Hodges*, 587 F.3d 1288 (11th Cir. 2009) *cert. denied* 130 S. Ct. 3389 (2010).

Investigative functions include authorizing a warrantless wiretap in the interest of national

security, *Mitchell v. Forsyth*, 472 U.S. 511, 520 (1985), and giving legal advice to police

officers. *Burns v. Reed*, 500 U.S. 478, 496 (1991). In such a capacity, a prosecutor would only

be entitled to qualified immunity.

By contrast, prosecutors have been held absolutely immune to carry out such advocacy

actions as: deciding whether to prosecute; engaging in pretrial litigation activities concerning

applications for arrest and search warrants, bail applications, and suppression motions, *Simon v.*

*City of N.Y.*, 727 F.3d 167, 171–74 (2d Cir. 2013); preparing for trial, including interviewing

witnesses and evaluating evidence, *Giraldo v. Kessler*, 694 F.3d 161, 167 (2d Cir. 2012); failing

to turn over exculpatory material to defense, *Warney v. Monroe Cnty.*, 587 F.3d 113, 120–26 (2d

Cir. 2009), *cert. denied*, 131 S. Ct. 82 (2010); plea bargaining; entering into release-dismissal

agreement, *Cady v. Arenac Cnty.*, 574 F.3d 334, 341 (6th Cir. 2009); and making sentence

Page 3 – Report and Recommendation

recommendations, *Brown v. Cal. Dep't of Corr.*, 554 F.3d 747, 750–51 (9th Cir. 2009). Using a grand jury to initiate prosecution and efforts made to indict are both covered by absolute immunity. *Milstein v. Cooley*, 257 F. 3d 1004, 1012 (2001).

Prosecutorial immunity protects the prosecutor in her role as an advocate even if she acted in clear violation of law, or even "with an improper state of mind or improper motive." *Shmueli v. City of N.Y.*, 424 F.3d 231, 237 (2d Cir. 2005) (citing *Bernard v. Cnty. of Suffolk*, 356 F.3d 495 (2d Cir. 2004)). In *Imbler v. Pachtman*, the Supreme Court held that a prosecutor was entitled to absolute immunity for "initiating a prosecution and in presenting the State's case." 424 U.S. 409. The Court found that prosecutorial immunity protected even the knowing use of false testimony at trial and deliberate suppression of exculpatory evidence. *Id.* The Court granted absolute immunity after considering two issues: (1) the availability at common law, and (2) whether absolute immunity would undermine the goals of 1983. *Id.* at 431. At common law, prosecutors had immunity from suits based on malicious prosecution and defamation. In addition, the Court reasoned that absolute prosecutorial immunity properly shields prosecutors from suits by disgruntled criminal defendants, and protects their ability to act decisively. *Id.* The Court found, on the one hand, that qualified immunity would not adequately protect prosecutors and, on the other hand, that the remedies of professional self-discipline and criminal sanctions would serve as adequate checks on the broad discretion of prosecutors. *Id.* at 430-31.

In this case, nearly all of Plaintiff's claims arise out of the police investigation of the incident that occurred between Plaintiff and Mr. Pearson.[1] While Plaintiff attempts to claim that defendants Vaughan and Patridge were involved in that investigation, all of the facts alleged

---

[1] Plaintiff also brings claims arising out of his conditions of confinement, but those are not at issue in this motion.

show that their actions were "intimately associated with the judicial phase of the criminal process." The actions taken prior to Plaintiff's indictment were related to evaluating evidence and initiating prosecution through the grand jury, which are prosecutorial functions entitled to absolute immunity, as discussed above. Finally, taking as true Plaintiff's allegations of intentional misconduct, undue influence, and malicious prosecution, the Supreme Court has ruled that even conduct in violation of the law is entitled to immunity. Therefore, Plaintiff's claims against the attorneys of the Klamath County District Attorney's Office should be dismissed with prejudice because the defendants are entitled to absolute immunity.

## RECOMMENDATION

For the reasons stated above, the defendants' Motion to Dismiss (#18) should be GRANTED, and plaintiff's claims should be dismissed with prejudice.

*This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.* Any notice of appeal pursuant to Federal Rule of Appellate Procedure Rule 4(a)(1) should not be filed until entry of the district court's judgment or appealable order.

The Report and Recommendation will be referred to a district judge. Objections to this Report and Recommendation, if any, are due by December 12, 2012. If objections are filed, any response to the objections is due by December 26, 2012. *See* FED. R. CIV. P. 72, 6.

DATED this _____ day of December, 2016.

MARK D. CLARKE
United States Magistrate Judge

Page 5 – Report and Recommendation